## HALL v. WOODWARD.

1. Judgment obtained against one of the obligors on a joint and several single bill, does not rebut the presumption of payment arising in favor of the other obligor from the lapse of time.
2. But a voluntary payment made by one of such obligors within the twenty years will rebut the presumption of a payment by the other.
3. A sealed note, executed by A as principal, and B, C, and D, as sureties, matured in 1860. In 1867 A made a payment and also B. In 1868 the payee recovered judgment against C for the balance due on the note. In 1885 the plaintiff, in part payment of a tract of land, purchased from C, agreed to pay this judgment and take an assignment of C's right of contribution against D, accruing upon such payment, which was done, and in the same year plaintiff brought action against D for one-half of the amount so paid. *Held,* that D was not discharged from liability by the presumption of payment arising from lapse of time.

Before FRASER, J., Fairfield, June, 1886.

This was an action by Daniel Hall, jr., against Thomas W. Woodward, for contribution, commenced October 3, 1885. The appeal was from the following decree:

The defendant Woodward insists that the assignment was not a part of the agreement for bargain and sale of the land, entered into between Daniel Hall and plaintiff; but was entered into for the first time at its date, and subsequent to the payment of the judgment by plaintiff. In the view I take of this case it is not necessary to consider this question. Certainly the plaintiff, as assignee, can have no higher nor greater rights than those his assignor possessed, and it is clear that Daniel Hall could not, at the time of this assignment, nor at the time the judgment was

paid off, nor even at the time of the conveyance of the land to the plaintiff, have himself maintained this action against the defendant, Thomas W. Woodward. The note matured on December 22, 1860; no payment thereon was ever made by Woodward, and no proceedings were ever instituted to make him liable thereon, before this action twenty-five years after the maturity of the note.

Woodward was no party to the judgment, and the judgment could keep the note alive only as to the judgment debtor. The authorities cited from *Brandt on Suretyship* and others proceed on the principle that one surety can keep a note alive as to all the others. But that doctrine has been modified by the recent decisions of the Supreme Court. The contract upon which contribution rests is simply this: If you pay the debt while I am liable for it, I will pay my share. And the action for contribution is essentially one for money paid, laid out, and expended by one surety for the benefit of all. But, of course, if one be not liable on the note, he does not share in the benefit, and should not in the liability.

How, then, did Woodward stand as to this note at the time the judgment was paid off by plaintiff? On December 23, 1880, twenty years had elapsed since the maturity of the sealed note, without demand upon Woodward or acknowledgment thereof on his part. On that day, therefore, the note was in law paid, as to him. "Payment in law is equivalent to actual payment;" and its effect is not merely to bar a recovery on the note, but the debt itself is "paid and extinguished." *White* v. *Moore*, 23 *S. C.*, 456; *Langston* v. *Shands, Ibid.*, 149. Woodward would certainly not be liable for contribution, if he had extinguished the debt by an actual payment of the money due to the creditor, before plaintiff had paid off the judgment; and by lapse of time the note is as effectually paid as to him, as though money had been passed. At the time plaintiff paid the judgment Woodward was no longer liable on the note. It was extinguished so far as he was concerned, and hence such payment created no cause of action against him.

It is therefore adjudged and decreed, that the complaint herein be dismissed on the merits of the action, with costs.

The plaintiff appealed.

· *Messrs. Ragsdale & Ragsdale,* for appellant.

· *Mr. J. H. Rion,* contra.

April 21, 1887.   The opinion of the court was delivered by

MR. JUSTICE McIVER.   On December 21, 1860, the defendant, together with Daniel Hall, E. J. Hall, and E. G. Palmer, as sureties of W. E. Hall, executed their joint and several note, under seal, payable to Mrs. Mobley, one day after the date thereof.   On the back of this note certain credits, signed by the attorney of the owner and holder of the note, are endorsed as follows: "Recd. January, 1867, on the above note, three hundred dollars in currency.   Recd. February, 1867, of H. A. Gaillard, administrator, $100 on the above note.   Bal. due 1st January, 1880, $2,297.21, after payments by estate of W. E. Hall. and estate of E. G. Palmer."   By whom the first payment was made is not stated in the credit endorsed, but it is admitted that the defendant, Woodward, never made any payment on the note at all, or otherwise acknowledged its continued validity—all the payments having been made by H. A. Gaillard, as administrator of the principal debtor, W. E. Hall, and by the executor of the surety, Palmer.

On January 21, 1868, judgment was recovered against Daniel Hall alone for the balance due on the note.   The plaintiff alleges that as a part of the consideration for a tract of land conveyed to him by his father, Daniel Hall, sr., in January, 1885, he undertook to pay said judgment, and that at the time the conveyance was executed his father verbally assigned to him his right of contribution against his co-surety, Woodward.   On April 23, 1885, the plaintiff paid up the judgment, and in August following the assignment above mentioned was reduced to writing, though it bears date December 8, 1885—the day on which it was actually signed.   These allegations on the part of the plaintiff were denied by the defendant, and the issue thus raised was not considered or decided by the Circuit Judge, as he rested his judgment upon another ground, which will be hereinafter stated.

This action was brought to recover from Woodward one-half of

the amount paid by plaintiff in satisfaction of the judgment against Daniel Hall, sr. The defendant, in his answer, set up several defences, none of which were considered or decided by the Circuit Judge, except the plea of payment, resting upon the presumption arising from lapse of time, which was sustained by the Circuit Judge, who rendered judgment dismissing the complaint. From this judgment plaintiff appeals upon the several grounds set out in the record, which need not be repeated here, as the only question really presented by this appeal is whether the Circuit Judge erred in holding that the presumption of payment of the note arising from lapse of time, relied on by the defendant, was not rebutted by the payments made by the other parties within the period of twenty years from the maturity of the note, or by the recovery of the judgment within that period against one of the parties, Daniel Hall, sr.

We agree with the Circuit Judge that the recovery of the judgment against one of the parties was not sufficient to rebut the presumption, arising from lapse of time, in favor of the defendant. *Langston* v. *Shands*, 23 *S. C.*, 149. But we cannot agree with him in holding that a payment made by one of two or more joint and several obligors within the period necessary to raise the presumption of payment from lapse of time, will not rebut such presumption as to the others. This question has been so fully and satisfactorily discussed in the case of *Dickson* v. *Gourdin*, *ante*, p. 391, heard at the present term, and in which the opinion has just been filed, that it is only necessary to refer to the reasoning employed and the authorities cited in that case as furnishing the grounds of our decision in this.

The Circuit Judge not having considered or passed upon any of the other defences set up in defendant's answer, they are not before us, and as to them we are not to be regarded as intimating any opinion.

The judgment of this court is, that the judgment of the Circuit Court be reversed, and that the case be remanded to that court for a new trial.